No. 88.—JAMES N. BETHUNE & ANN E. McDOUGALD, Administratrix, &c., plaintiffs in error, *vs.* R. & G. BARKER, for the use, &c., defendants in error.

[1.] Where a claim case is on the appeal, and claimants propose to withdraw their claim, and have an entry made accordingly, and plaintiffs in execution refuse to allow the claim dismissed, and the case remains pending on the appeal, the latter cannot, at a subsequent term, take an order dismissing said claim, against the will of the claimants.

Claim, &c., in Muscogee Superior Court, July Term, 1853. Tried before Judge IVERSON.

The following proceedings were had in this cause :

R. & G. Barker, plaintiffs in *fi. fa.*
*vs.*
Moore & Tarver, defendant, and
    James N. Bethune and
Ann E. McDougald, Adm'x, &c.,
    Claimants.

} *Claim, &c.*

" It appearing to the Court, that there has been a verdict of condemnation of the property levied on in the above case, from which an appeal was entered by the claimants; and it appearing further, that the claim in said case has been withdrawn by the claimants, and the plaintiffs in *fi. fa.* now in Court, offering to relinquish his right to damages, on account of said claim and appeal, provided said appeal be now dismissed: *It is therefore ordered,* that the claimants show cause why said appeal should not be dismissed".

The cause shown was, that the claimants had attempted to withdraw their claim, and supposing it withdrawn, Bethune had entered another claim to the property, which second claim had been dismissed by the Court, on the ground that the first claim was still pending. Farther, that Daniel McDougald, one of the claimants, was dead, and his death suggested of record, at November Term, 1852; and that Ann E. McDougald, administratrix, had never been made a party; nor was she served with a copy of the above Rule.

The Court granted the order, dismissing the claim; and this decision is assigned as error.

Devon & Bethune, for plaintiffs in error.

Williams, for defendant in error.

*By the Court.*—Starnes, J., delivering the opinion.

[1.] This case turns entirely upon the question, whether or not this claim, entered by McDougald & Bethune, had been withdrawn.

On the 16th of May, 1849, an entry was made to this ef-

fect, upon the records of the Court below. And this entry would be conclusive, were it not that it is contradicted by other portions of the record.

In the case of *Attaway vs. Dyer*, (8 *Ga.* 184,) it was decided by this Court, that in a claim case, after a verdict in favor of plaintiffs, and on appeal, the claim could not be dismissed by the claimants, without the consent of the opposite party. The plaintiffs seem not to have consented to the dismissal of this claim, and in view of the above decision, the parties seem to have taken it for granted, that this entry, made in May, 1849, did not have the effect of withdrawing or dismissing the case; but that the same was still pending. The record shows that they continued so to treat it; and its pendancy is expressly stated in the 2d and 5th exceptions, as they are found in the bill of exceptions. It is there stated, that by the adjudication of the Court below, the case was still considered as pending; and his Honor, the presiding Judge, certifies that what is there stated, is true and consistent with what transpired before him. Besides, the very order of dismissal which brings this case here, shows that the claim was then pending. If it were not, why the necessity for the order dismissing it?

We must, therefore, take it for granted, that the claim was still in Court, when this order was passed. If so, it could only be there, as is obvious from what has been shown, by the plaintiffs' refusing to the claimants the privilege of withdrawing the same. They should not, now, after they have thus refused to the claimants this privilege of dismissing, be allowed " to play fast and loose" with them, by insisting that they shall dismiss, when they are not willing to do so, but profess to desire a trial.

Being still in Court, the claimants were entitled to have the case tried, if they insisted on it.

We desire to be understood as saying, that these views are based upon the record, as it has been sent to us, so far as we can judge from statements out of the record. If it had been differently made up, other views might possibly have been taken.

We should add, that if the case was pending in the Court below, as it is shown to have been, the death of McDougald presented an obstacle to the action which was taken.

Judgment reversed.